IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CURTIS WILSON,

      Plaintiff,                               No. CIV S-09-0827 MCE DAD P

     vs.

STATE OF CALIFORNIA, et al.,

      Defendants.              <u>ORDER</u>

                                       /

        Plaintiff is a former prisoner proceeding pro se in an action under 42 U.S.C. § 1983. This case will be referred to Joe Ramsey, Esq. to conduct a mediation on November 8, 2010, at 1:00 p.m. Both parties will be required to submit confidential settlement conference statements setting forth a *brief* description of the case, their respective positions as to the active claims/defenses, and a settlement demand/offer. The settlement conference statements are not to exceed five (5) pages in length, and are not to include exhibits or attachments.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. This case is set for mediation on November 8, 2010, at 1:00 p.m. in Courtroom #1, at the U. S. District Court, 501 I Street, Sacramento, CA 95814.

        2. Plaintiff shall personally attend.

/////

1

3. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall also attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  Sanctions will include, but will not be limited to, the attorney fees and travel costs of the other parties and/or the mediator.  In addition, the conference will not proceed and will be reset to another date if there is a failure to comply with these requirements.

5. The parties are directed to provide their confidential settlement conference statements to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via email at spark@caed.uscourts.gov, so that they arrive no later than October 29, 2010.

DATED: September 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4/sp
wil0927.ord.mediation

---

[1] The term "full authority to settle" means that the individuals attending the mediation must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose for requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  Pitman, 216 F.R.D. at 486.  An authorization to settle the matter only for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).